IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

Case No.: _____

ARNOLD EDMONDS,

    Plaintiff,

vs.                                                                                                                                    Lead Case

AIR & LIQUID SYSTEMS CORPORATION,
as successor by merger to BUFFALO PUMPS, INC.;
ALFA LAVAL INC., as successor in interest
to THE DELAVAL SEPARATOR COMPANY
and SHARPLES CORP.;
CRANE CO., individually and as successor
in interest to DEMING PUMP CO., COCHRANE
CORPORATION, CHAPMAN VALVE CO., and
SWARTWOUT CO.;
ELLIOT COMPANY, a/k/a ELLIOT
TURBOMACHINERY CO., INC.;
FOSTER WHEELER ENERGY CORPORATION;
GENERAL ELECTRIC COMPANY;
JOHN CRANE, INC., f/k/a CRANE PACKING;
PARAMOUNT GLOBAL, f/k/a VIACOMCBS INC.,
f/k/a CBS CORPORATION, f/k/a VIACOM, INC.,
successor by merger to CBS CORP., f/k/a
WESTINGHOUSE ELECTRIC CORPORATION,
individually and as successor in interest to
BF STURTEVANT CO.; VELAN VALVE CORP.;
WEIR VALVES & CONTROLS USA,
INC., d/b/a Atwood & Morrill Co., Inc;

    Defendants.
_____/

ARNOLD EDMONDS,

    Plaintiff,

vs.

ARMSTRONG INTERNATIONAL, INC.;

AURORA PUMP COMPANY;
BLACKMER PUMP COMPANY;
CARRIER CORPORATION;
CATERPILLAR INC.;
CROWN CORK & SEAL CO., INC., as
successor in interest to MUNDET CORP.;
ELECTROLUX HOME PRODUCTS, as
successor by merger to WHITE CONSOLIDATED
INDUSTRIES, as successor by merger to
COPES VULCAN, INC.;
FLOWSERVE US, INC., as successor in interest
to DURAMETALLIC CORPORATION;
FLOWSERVE US, INC., solely as successor to
ROCKWELL MANUFACTURING COMPANY,
EDWARD VALVE, INC., NORDSTROM VALVES,
INC., EDWARD VOGT VALVE COMPANY,
and VOGT VALVE COMPANY;
FMC CORPORATION, individually and as
successor to CHICAGO PUMP COMPANY,
NORTHERN PUMP COMPANY, and
PEERLESS PUMP COMPANY;
GARDNER DENVER, INC.;
GOULDS PUMP LLC;
GRINNELL LLL, d/b/a GRINNELL CORPORATION;
HONEYWELL INTERNATIONAL, INC., as
successor in interest to ALLIED SIGNAL, INC. and
BENDIX CORPORATION;
HOWDEN NORTH AMERICA, individually
and as successor in interest to
BUFFALO FORGE COMPANY, INC.;
IMO INDUSTRIES, INC., individually and as
successor in interest to DELAVAL TURBINE, INC.;
ITT LLC, as successor in interest to ITT CORPORATION,
and its former divisions, BELL & GOSSETT
and FOSTER ENGINEERING;
LAMONS GASKET COMPANY a/k/a
LAMONS METAL GASKET CO.;
METROLPOLITAN LIFE INSURANCE CO.;
SPIRAX SARCO INC.;
UNION CARBIDE CORPORATION;
WARREN PUMPS, LLC, individually and as successor
in interest to QUIMBY PUMP CO.;

       Defendants.
_____/

2

## DEFENDANT GENERAL ELECTRIC COMPANY'S
## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant, General Electric Company (hereinafter, "General Electric"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446, hereby removes this action from the Circuit Court of the Thirteenth Judicial Circuit, Hillsborough County, Florida, where it is currently pending, to the United States District Court for the Middle District of Florida, Tampa Division.  In support of removal, General Electric states as follows:

### The State Court Action

1. On February 22, 2022, Plaintiff, Arnold Edmonds ("Plaintiff"), filed a Complaint (hereinafter, "Complaint") captioned *Arnold Edmonds v. Air & Liquid Systems Corporation, as successor by merger to Buffalo Pumps, Inc., et al.*, Case No.: 22-CA-001513, in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, against several defendants, including General Electric (collectively, "Defendants").  True and correct copies of all process, pleadings, orders, and other papers or exhibits filed in the state court are attached collectively as Exhibit A.

2. That same day, Plaintiff filed an almost identical complaint in the same court captioned *Arnold Edmonds v. Armstrong International, Inc., et al.*, Case No.: 22-CA-001518.

3. On April 1, 2022, pursuant to a Motion to Consolidate filed by some of the named defendants in the earlier filed case (now referred to as the "lead" case), the trial judge entered an order consolidating the two actions. True and correct copies of all process, pleadings, orders, and other papers or exhibits filed in the subsequently filed

3

state court action are attached collectively as Exhibit B.

4. In his Complaint, Plaintiff alleges that he developed lung cancer as a result of his exposure to Defendants' asbestos-containing products while serving in the United States Navy. Specifically, per the Complaint, Plaintiff worked as a machinist mate aboard the following vessels: the USS Euryale (AS-22), from 1960 to 1961; the USS Windsor (ARD-22), from 1961 to 1962; and the USS Saratoga (CV-60), from 1962 to 1964; and at the Mayport Naval Shipyard in Jacksonville, Florida, from 1962 to 1964. *See* Ex. A, Complaint, e.g., ¶¶ 8, 16, and 29.

5. In his Complaint, Plaintiff asserts claims for "Negligence" (Count I) and "Strict Liability" (Count II) pursuant to several theories, including a failure-to-warn theory, a failure-to-test theory, and a theory premised upon alleged design and manufacturing defects, which, per Plaintiff, allegedly rendered Defendants' products unreasonably dangerous. *See* Ex. A, Complaint, e.g., ¶¶ 18, 21, and 22.

## Grounds for Removal – Federal Officer Removal is Appropriate Under 28 U.S.C. § 1442(a)(1)

6. Removal is proper under 28 U.S.C. § 1442(a)(1) whenever a defendant can demonstrate that it is a person who acted under the direction of a federal officer; that it can raise a colorable federal law-based defense to one or more of the claims stated against it; and that a causal nexus exists between the plaintiff's claims and the defendant's conduct under color of its federal office. *Mesa v. California*, 489 U.S. 121 (1989). Here, all of the requirements are satisfied.

7. All relevant aspects of General Electric's design, manufacture, and supply of turbines and/or nuclear propulsion equipment to the Navy for use aboard Navy

combat vessels – including the form and content of all warnings and/or other written materials to be supplied therewith – were undertaken under the detailed and ongoing direction, control, and supervision of one or more officers of the United States.[1]  More specifically, General Electric designed and manufactured such equipment – and drafted all warnings and other written materials to be furnished therewith – in accordance with precise and detailed specifications promulgated by the Navy ("MilSpecs").  General Electric's compliance with such MilSpecs was closely monitored on an ongoing basis by Navy officers, and all delivered materials were subject to extensive Navy review, inspection, and/or testing before acceptance.  *See* March 22, 2016 Affidavit of Roger B. Horne, Jr. RADM USN (RET.), attached as Exhibit C, ¶¶ 11-18, 21-27, 29, and 33-41.

8.     Numerous federal courts have held that in light of these facts, entities were "acting under a federal officer" in relation to their design, manufacture, and supply of Navy propulsion equipment and related written materials.  *See*, *e.g.*, *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1181 (7th Cir. 2012) ("Here, CBS worked hand-in-hand with the government, assisting the federal government in building warships. "Acting under" covers situations, like this one, where the federal government uses a private corporation to achieve an end it would have otherwise used its own agents to complete."); *French v. A.W. Chesterton Company*, 2016 WL 6649281, No. 1:16 CV 1777 (N.D. Ohio Nov. 10, 2016) (the federal court denied the plaintiff's motion to remand the action back to state court, as the defendants established removal was proper, as they were acting under the direction of a federal officer when supplying equipment to the U.S. Navy).

---

[1] As a corporation, General Electric is a "person" for purposes of 28 U.S.C. § 1442(a)(1).  *Premier Inpatient Partners LLC v. Aetna Health and Life Insurance Company*, 362 F.Supp.3d 1217, 1224 (M.D.

9. As to the question of a colorable federal-law based defense, General Electric hereby asserts a government contractor defense in that: 1) it designed, manufactured, and supplied the Navy the equipment at issue in this case (including all warnings and/or other writings to be furnished therewith) in accordance with "reasonably precise specifications" promulgated or adopted by the Navy; 2) the General Electric Navy equipment (and all related writings) conformed with those specifications; and 3) at all times relevant to this suit, the Navy was independently aware of potential health hazards associated with asbestos exposure. *See Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988).

10. With more specific regard to this final factor, the Navy knew of asbestos-related health hazards decades prior to Plaintiff's alleged exposure to asbestos. *See* April 5, 2016 Report of Samuel A. Forman, attached as Exhibit D, ¶¶ 26-27 and 30-31. As such, General Electric can state at least a colorable government contractor defense in relation to Plaintiff's claims, including, but not limited to, any claim based on a purported failure to warn of asbestos-related health hazards. *See, e.g., Ruppel*, 701 F.3d at 1183-86.

11. Where, as here, a defendant has been sued for asbestos-related injuries purportedly arising from or relating to equipment that it manufactured and supplied to the Navy under the Navy's detailed direction and control, that defendant has been sued in relation to conduct under color of its federal office, satisfying the "causal nexus" requirement for removal. *See, e.g., Ruppel*, 701 F.3d at 1181.

12. A properly removed case cannot be remanded for discretionary or policy

---

Fla. 2019); *Papp v. Fore-Kast Sales Co., Inc.*, 842 F.3d 805, 812 (3rd Cir. 2016).

reasons such as allegedly related state court cases or a contention that judicial economy compels remand. 28 U.S.C. § 1447(c); *Elrad v. United Life & Accident Ins. Co.*, 624 F.Supp. 742 (N.D. Ill. 1985). The removal jurisdiction granted by § 1442(a) is mandatory, not discretionary, and a district court cannot abstain from the exercise of that jurisdiction on any ground other than the two grounds specified in § 1447(c). *Jamison v. Wiley*, 14 F.3d 222, 238-39 (4th Cir. 1994) (explaining remand is only proper where the court discovers a defect in the removal procedure or a lack of subject matter jurisdiction).

13. The right of removal conferred by § 1442(a)(1) is to be broadly construed, as the federal officer removal statute is not narrow or limited, and its policy of providing a federal forum should not be frustrated by a narrow or grudging interpretation of § 1442(a)(1). *Willingham v. Morgan*, 395 U.S. 402, 406-07 (1969). *See also, e.g.*, *Ruppel*, 701 F.3d at 1180; *McMahon v. Presidential Airways*, 410 F. Supp. 2d 1189, 1196 (M.D. Fla. 2006) ("the federal officer provision is "not 'narrow' or 'limited,'" but instead "is broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law."); *Papp*, 842 F.3d at 811 (holding that federal officer removal is "broadly construed" in favor of a federal forum).

**The Other Prerequisites for Removal Have Been Satisfied**

14. The Circuit Court of Hillsborough County is located within the Middle District of Florida; thus, venue is proper in this Court. *See* 28 U.S.C. § 1441(a).

15. This Notice of Removal of Civil Action is timely pursuant to 28 U.S.C. § 1446, as it is being filed within thirty (30) days of General Electric's receipt of the initial pleading served on March 7, 2022.

16. General Electric is not required to notify and/or obtain the consent of any

7

other defendant in this action in order to remove Plaintiff's action as a whole under § 1442(a)(1). *See, e.g.*, *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998), *cert. denied*, 526 U.S. 1112 (1999); *District of Columbia v. Merit Sys. Protection Bd.*, 762 F.2d 129, 132 (D.C. Cir. 1985); *Ely Valley Mines Inc. v. Hartford Accident Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981); *Means v. G&C Towing, Inc.*, 623 F.Supp. 1244, 1245 (S.D. W. Va. 1986).

17. As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders, and other papers or exhibits filed in the state court are attached. *See* Exhibits A and B.

18. Pursuant to 28 U.S.C. § 1446(d), General Electric is filing written notice of this removal with the Clerk of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, concurrently with the filing of this Notice of Removal, and will serve same on all counsel of record. A copy of the notice to be filed in state court, in the form in which it will be filed and served, is attached as Exhibit E (without exhibits).

19. No previous application has been made for the relief requested herein.

20. The allegations contained in this Notice of Removal of Civil Action are true and correct and within the jurisdiction of the United States District Court for the Middle District of Florida.

21. By filing this Notice of Removal, General Electric does not waive any defense otherwise available to it in this action and expressly reserves the right to assert any and all such defenses in its responsive pleadings, in dispositive motions under Federal Rules of Civil Procedure 12 and/or 56, or at trial.

22. Based upon the foregoing, General Electric respectfully submits that

removal of this action is authorized under 28 U.S.C. §§ 1442 and 1446.

WHEREFORE, Defendant, General Electric Company, prays that the civil action filed by Plaintiff in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida be removed to this Court, and requests that further proceedings be conducted in this Court, as provided by law.

Dated: April 6, 2022

                                        Respectfully submitted,

                                        **SAUL EWING ARNSTEIN & LEHR LLP**
                                        *Counsel for Defendant, General Electric Company*
                                        701 Brickell Avenue, 17th Floor
                                        Miami, FL  33131
                                        Ph (305) 428-4541// Fax (305) 374-4744

                                        By:  */s/ Christopher J. M. Collings*
                                              CHRISTOPHER J.M. COLLINGS
                                              Florida Bar No. 184403
                                              chris.collings@saul.com
                                              ERIN E. DARDIS
                                              Florida Bar No. 0075310
                                              erin.dardis@saul.com
                                              mia-ctdocs@saul.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court via the CM/ECF system on April 6, 2022.

                                        By:  */s/ Christopher J. M. Collings*
                                             CHRISTOPHER J.M. COLLINGS

**Arnold Edmonds v. Air & Liquid Systems Corporation, et al.**
Notice of Removal
Exhibit Index

| Exhibit | Title |
|---------|-------|
| A. | Copies of all State Court Process, Pleadings, Orders, and other papers in Hillsborough County Case No. 22-CA-001513 |
| B. | Copies of all State Court Process, Pleadings, Orders, and other papers in Hillsborough County Case No. 22-CA-001518 |
| C. | March 22, 2016 Affidavit of Roger B. Horne, Jr., RADM USN (RET.) |
| D. | April 5, 2016 Report of Samuel A. Forman |
| E. | Notice of Filing Notice of Removal, filed in the Thirteenth Judicial Circuit Court in and for Hillsborough County (without exhibits) |