# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ARNOLD EDMONDS,

    Plaintiff,

v.                                      Case No: 8:22-cv-825-CEH-SPF

AIR & LIQUID SYSTEMS
CORPORATION, et al.,

    Defendants.

## ORDER

This asbestos products liability suit comes before the Court on Defendant Valves and Controls US, Inc.'s [1] *Daubert* Motion to Exclude or Limit the Testimony and Opinions of Captain Bruce Woodruff (Doc. 296) and Defendant Warren Pumps, LLC's *Daubert* Motion to Exclude or Limit the Testimony of Bruce Woodruff (Doc. 301). Plaintiff filed a combined response in opposition (Doc. 311) and Defendants reply (Docs. 330, 333). Upon due consideration, the Court will deny both motions.

## BACKGROUND[2]

Plaintiff Arnold Edmonds served aboard the *USS Saratoga* (an aircraft "supercarrier") from 1962–1964. Doc. 1-1 ¶ 8; Doc. 296 at 4. While on the ship,

---

[1] This Defendant was formerly known as Atwood & Morrill Co., Inc., and is referred to in the briefing, expert report, and this Order as "Atwood."

[2] The Court limits its recitation of the background facts to those necessary for consideration of the instant Motions.

Plaintiff alleges he was exposed to asbestos, as a result of which he contracted non-small cell lung carcinoma. Doc. 1-1 ¶¶ 12–29. He filed suit against more than twenty companies and manufacturers[3] of parts and machinery on the *USS Saratoga* under theories of negligence and strict liability. *Id.*

Defendants seek to exclude or limit the testimony of Plaintiff's expert witness R. Bruce Woodruff, Capt. USN (Ret.) ("Captain Woodruff").[4] Docs. 296, 301. Captain Woodruff created a 46-page expert report related to Plaintiff's case (Doc. 311-3), drawing from his analysis as an expert in naval design, construction, operation, inspection, repair, and maintenance. Doc. 311 at 2.

Plaintiff asserts that—in drafting his report—Captain Woodruff considered numerous sources of information, including the machinery and hull data for the *USS Saratoga*, case-specific documents such as Plaintiff's deposition testimony, and a personal phone interview with Plaintiff. *Id.* at 18. He argues that Captain Woodruff also relied on his decades-long career in the Navy and related expertise to form his opinions. *Id.* at 17–18.

## LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony and provides as follows:

---

[3] All defendants besides Atwood and Warren have been dismissed.

[4] Because Defendants do not challenge Captain Woodruff's qualifications as an expert, the Court largely omits facts regarding his background and qualifications, which are detailed in the expert report. *See* Doc. 311-3 at 3–4.

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Rule 702 is a codification of the United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). In *Daubert*, the Supreme Court described the gatekeeping function of the district court to "ensure that any and all scientific testimony or evidence is not only relevant, but reliable." *Id.* at 589; *see also United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (*en banc*). The Court extended its reasoning in *Daubert* to non-scientist experts in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).

In performing its gatekeeping function, the Eleventh Circuit has stated that district courts must consider whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address, (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*, and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Frazier*, 387 F.3d at 1260 (quoting *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998)). Thus, the three discrete inquiries to determine the admissibility of expert testimony are qualifications, reliability, and relevance. *Quiet*

*Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1341 (11th Cir. 2003). Although there is some overlap among these inquiries, they are distinct concepts that the Court and litigants must not conflate. *Id.*

"The admission of expert testimony is a matter within the discretion of the district court, which is afforded considerable leeway in making its determination." *Frazier*, 387 F.3d at 1258. The gatekeeper role, however, is not intended to supplant the adversary system or the role of the jury: instead, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. "The judge's role is to keep unreliable and irrelevant information from the jury because of its inability to assist in factual determinations, its potential to create confusion, and its lack of probative value." *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1311–1312 (11th Cir. 1999).

## DISCUSSION

The two separate motions before the Court seek exclusion of Captain Woodruff's testimony and opinions for largely the same reasons. Atwood argues that Captain Woodruff's opinions on Plaintiff's exposure to asbestos from Atwood valves, as well as the frequency, proximity, and duration of such exposure improperly seeks to fill in fundamental gaps in Plaintiff's case. Further, Atwood argues that Captain Woodruff has no basis on which to opine that Plaintiff worked on or in the vicinity of Atwood valves containing asbestos. Thus, Atwood claims that Captain Woodruff should be barred from testifying about Plaintiff's exposure to asbestos from Atwood

4

valves at any time, and from assuming that the presence of Atwood valves on the ship necessarily meant Plaintiff was exposed when the valves were repaired. To the extent Captain Woodruff would testify to Plaintiff's general exposure to asbestos on the ship, Atwood argues this generic opinion would be irrelevant as to its products and would not help the jury to address issues specific to its products. Atwood further argues that the testimony should be excluded under Federal Rule of Evidence 403, because Captain Woodruff's opinions would mislead the jury into wrongly assuming Plaintiff worked with or around asbestos-spreading Atwood valves and was exposed at that time.

Warren similarly argues that Captain Woodruff lacks a basis from which to fill in the fundamental gaps in Plaintiff's case. It argues that Captain Woodruff's deposition testimony demonstrates his lack of a basis to opine that Plaintiff worked with or near asbestos products used with any type of Warren pump. Thus, Warren claims that by Captain Woodruff's own admission, his opinion would not be based on sufficient facts or data. Therefore, Warren argues that Captain Woodruff should be precluded from offering any opinion testimony regarding the likelihood of Plaintiff working with or near asbestos-containing Warren pumps, or causation generally.

Plaintiff responds that Atwood's arguments fail because Captain Woodruff's opinion was supported by Plaintiff's deposition testimony (in which he recalled working with Atwood products), naval records (wherein Atwood products are listed), and his extensive experience and methodology, which are unchallenged. He makes similar arguments in response to Warren's motion. More generally, Plaintiff argues

that Captain Woodruff's opinions comply with *Daubert* as they are based on sufficient facts and data, will assist the trier of fact, are a product of reliable methodology, and their probative value substantially outweighs any risk of undue prejudice. He further argues that Defendants' authority is either distinguishable or relevant to a summary judgment motion, not a *Daubert* challenge. Defendants reply that Captain Woodruff's opinions are inadmissible under *Daubert* and Rule 702, lack a factual foundation and are admittedly speculative.

Upon careful review of the pleadings and exhibits, the Court will deny both motions. As Plaintiff asserts, Defendants' cited authority is distinguishable as it is relevant to a summary judgment determination. And repeatedly, Defendants conflate the standard for excluding expert testimony and the standard for summary judgment. For the reasons below, neither Atwood nor Warren have established that Captain Woodruff's opinions should be excluded. Plaintiff, on the other hand, has met his burden of establishing that Captain Woodruff's expert testimony more likely than not meets Rule 702's requirements. The Court will thus deny Defendants' motions.

### A. Atwood's Motion (Doc. 296)

Atwood primarily challenges Captain Woodruff's testimony on the theory that he lacked a sufficient factual basis from which to opine that Plaintiff "worked on, or was near others working on, Atwood valves and that such valves contained asbestos." Doc. 296 at 13. Relatedly, it argues that because *Plaintiff* could not remember completing any particular work on any particular Atwood valve, the type of system in which such valves were located, or the medium or temperature associated with these

6

valves, Captain Woodruff's opinions should be excluded as improper attempts to fill in these "factual gaps" in Plaintiff's case. *See id.* at 2–3. Atwood sprinkles into its motion general claims that Captain Woodruff's expert opinions are impermissibly "speculative" and therefore must be excluded. *Id.* at 16–18. Atwood also argues that his expert opinions should be excluded under Federal Rule of Evidence 403 as unduly prejudicial. *Id.* at 18–20.

Plaintiff responds that Captain Woodruff had a clear basis to opine that Plaintiff worked on or near asbestos-containing Atwood valves. Doc. 311 at 10–11. Plaintiff cites his own deposition testimony, in which he recalled working on Atwood valves and identifying the brand on the valve, in addition to his recollection that certain boxes containing these valves were marked as containing asbestos as evidence supporting Captain Woodruff's opinion. *Id*. (citations omitted). Further, Plaintiff argues that Captain Woodruff utilized naval records from the *USS Saratoga* to reach his opinions as to Atwood valves. *Id.* at 11. Therefore, Plaintiff argues that Captain Woodruff is properly expounding on Plaintiff's testimony to "clarify for the jury why certain Navy practices were in place, using knowledge and information that was not available to [Plaintiff]," not improperly filling in gaps, as Defendants argue. *Id.* As to Atwood's argument that the testimony should be excluded as speculative, Plaintiff argues that most of Defendants' authority is distinguishable because it addressed motions for summary judgment, and that Captain Woodruff properly applied his technical insight to Plaintiff's "well-rounded recollection of his exposure to Defendants' products." *Id.* at 16. Finally, Plaintiff argues that neither motion explains how Captain Woodruff's

7

testimony would have a prejudicial or misleading effect and that the request for exclusion under Rule 403 must thus be denied.

Atwood replies that the expert testimony lacks a factual foundation, that it is undisputed that any Atwood valves did not use asbestos gaskets or packing,[5] and that Captain Woodruff's testimony should thus be excluded under *Daubert*. Doc. 330 at 12.

As described below, the Court rejects Atwood's arguments and finds that Captain Woodruff's opinions more likely than not meet the admissibility requirements set forth in Rule 702. Thus, Atwood's *Daubert* motion is due to be denied.

First, to the extent Atwood offers vague challenges to Captain Woodruff's opinions as "speculative," such an attack is unavailing, without more. "Hypotheticals . . . need not doom an expert opinion." *Mighty v. Miami-Dade Cnty.,* No. 14-23285-CIV, 2019 WL 4306942, at *9 (S.D. Fla. Aug. 9, 2019), *report and recommendation adopted,* No. 14-23285-CIV, 2019 WL 4305847 (Sept. 10, 2019). Instead, "[w]hile [an expert's] opinions may be based on hypothetical situations, this does not mean that those opinions are speculative. [His] opinions are allegedly based on his detailed review of certain evidence . . . To the extent [movant] challenges [the expert's] opinions, it will have the opportunity to challenge those opinions during the trial of this case." *Quorum Health Res., LLC v. Hosp. Auth. of Wayne Cnty., Georgia,* No. CV-208-042, 2010 WL 11537684, at *2 (S.D. Ga. Feb. 17, 2010). Here, Captain Woodruff's Expert Affidavit

---

[5] In support of this assertion, Atwood cites the affidavit of its own proffered expert, who stated that based on the information he reviewed, "none of the valves represented in the drawings produced by Atwood & Morrill specified the use of asbestos-containing gaskets or packing materials." Doc. 201-1 at 2.

8

states that he reached his opinions based on his extensive naval, engineering, and consulting experience, as well as his review of relevant evidence. Doc. 311-3 at 7–46. Having reviewed Captain Woodruff's report and the Party's argument, the Court is not convinced that any part of his opinion is improperly speculative.

*McIndoe v. Huntington Ingalls, Inc.,* one of Atwood's primary authorities, dealt with a motion for summary judgment and did not mention or apply the *Daubert* standard. 817 F. 3d 1170 (9th Cir. 2016).[6] Moreover, Plaintiff is correct that the case is distinguishable because the court there ruled that two expert witnesses could not, on their own, create a genuine issue of fact as to causation, or as to the intensity or duration of a plaintiff's alleged exposures to asbestos. *Id.*; *see* Doc. 311 at 16. Such arguments regarding whether a genuine issue of fact has been established as to causation or any other element of Plaintiff's claims will be more appropriately decided at the summary judgment stage, as they were in *McIndoe,* not on a *Daubert* challenge.

Also distinguishable is *In re Toy Asbestos,* No. 19-CV-00325-HSG, 2021 WL 1216531 at *3 (N.D. Cal. March 31, 2021), where the court granted two motions to exclude and held that an expert witness could not testify that the Plaintiff worked on or around specific manufacturers' or suppliers' products on a ship. Defendants there argued that certain opinions in the expert report were directly contradicted by

---

[6] *Olivar v. Buffalo Pumps, Inc.,* No. CV 09-62577, 2011 U.S. Dist. LEXIS 160686, 2011 WL 13254695, at *8 (E.D. Pa. Mar. 29, 2011) another of Atwood's cited authorities, is similarly inapposite. There, summary judgment was granted for defendant pump manufacturer because, among other things, the plaintiff's expert report was too speculative. The summary judgment standard differs from the Rule 702 and *Daubert* standards, which the Court must apply here.

9

Plaintiff's deposition testimony and unsupported by any evidence. *Id.* at *2. Because the expert witness in that case "even acknowledged during his deposition that he did not have any information that [a defendant's] products were on any of the ships that [the plaintiff] worked on," the Court concluded that such testimony was not "based on sufficient facts or data" and would therefore be improperly speculative. *Id.*

Here, unlike in *In re Toy*, Plaintiff points to record evidence from which Captain Woodruff could have learned and opined that Atwood products were on the *USS Saratoga*.[7] Specifically, in addition to Plaintiff's deposition testimony and Captain Woodruff's conversation with Plaintiff, Captain Woodruff consulted the ship's machinery and equipment summary, an archival naval document which identifies Atwood as a brand of valves that were on the ship. *See* Doc. 311-3 at 12–13. The Court has reviewed Atwood's other cited cases, which are non-binding and similarly distinguishable because they address motions for summary judgment, and whether a particular expert's opinions were sufficient to create a triable issue of fact, not whether they must be excluded.[8]

---

[7] The *In re Toy Asbestos* court found that "[t]here is no evidence in the record before the Court or in Captain Burger's expert report to suggest that Captain Burger worked with Mr. Toy or otherwise has knowledge about the specific products with which Mr. Toy worked, outside of what is described in Mr. Toy's own deposition testimony. Captain Burger even acknowledged during his deposition that he did not have any information that Armstrong products were on any of the ships that Mr. Toy worked on." *Id.* at *2.

[8] Two cases cited are *MacQueen v. Warren Pumps LLC,* 246 F. Supp. 3d 1004 (D. Del. 2017) and *Yaw v. Air & Liquid Sys. Corp.,* No. C18-5405-BHS, 2019 WL 3891792, at *3 (W.D. Wash. Aug. 19, 2019). Doc. 296 at 16–18. Atwood includes two more cases in a footnote that similarly considered whether expert opinions established a genuine issue of fact for trial, not whether they should be excluded under *Daubert*. Doc. 296 at 17 n.2.

Atwood's conclusory argument for exclusion under Federal Rule of Evidence 403 similarly fails. Pursuant to Rule 403, the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. Importantly, "Rule 403 'is an extraordinary remedy which should be used sparingly, and, indeed, the trial court's discretion to exclude evidence as unduly prejudicial is narrowly circumscribed.'" *United States v. Cross,* 928 F.2d 1030, 1051 (11th Cir. 1991). Atwood argues that Captain Woodruff's opinions would confuse the jury into "assuming" that Plaintiff worked with or around asbestos-containing Atwood valves and was exposed to asbestos at that time. Doc. 296 at 19. The Court agrees with Plaintiff that Atwood fails to show how Captain Woodruff's testimony would be prejudicial or misleading besides the fact that they disagree with his conclusions. And their argument for why his conclusions are wrong is essentially identical to their previous arguments for excluding his testimony. Therefore, the Court will deny Atwood's motion.

### B. Warren's Motion (Doc. 301)

Warren's motion to exclude Captain Woodruff's testimony largely mirrors Atwood's. The Court will similarly deny Warren's nearly identical arguments based on the same cases previously cited that discussed "percipient gaps" and generally granted defendants' motions for summary judgment based on a finding that expert testimony failed to create a genuine issue of fact. *See* Doc. 301 at 2, 13–19.

As to Captain Woodruff's opinions regarding Warren specifically, Warren argues that he lacks a foundation to opine on Plaintiff's work with or presence around any asbestos product that may have been used with a Warren pump. Doc. 301 at 13–19. Warren argues that there is no dispute Plaintiff was "unsure" about any work that may have been done on a Warren pump on the ship or whether he was present when any asbestos-related work was done. Doc. 301 at 14 (citations omitted). Warren then argues—somewhat confusingly—that Captain Woodruff seeks to "offer an opinion that Plaintiff 'would have been' present during asbestos-related work on a Warren pump basely solely upon the fact that a limited number of Warren condensate pumps were present in the auxiliary machinery room to which he was assigned – not based upon *any* factual evidence in the record." *Id.* at 14–15. (emphasis added). However, as Plaintiff points out, neither party disputes that Warren products appear in the machinery and equipment summary for the ship. Doc. 311 at 12. Based on the machinery and equipment records, together with Captain Woodruff's experience and Plaintiff's description of his work and working conditions, the Court disagrees with Warren's characterization of the record, finds that the expert opinion is based on sufficient evidence under Rule 702, and will deny Warren's argument for exclusion. Warren's Rule 403 challenge is denied for the same reason that Atwood's was denied.

## C. *Daubert* Factors

Finally, the Court will return to the factors that the Eleventh Circuit has stated proponents of expert testimony must meet to survive a *Daubert* challenge. These are whether: (1) the expert is qualified to testify competently regarding the matters he

12

intends to address, (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*, and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *Frazier,* 387 F.3d at 1260.

Captain Woodruff's qualifications are unchallenged, and the Court sees no reason to doubt that he is qualified to testify competently regarding the matters he intends to address based on his extensive education, experience, and training.[9] *City of Tuscaloosa v. Harcros Chems., Inc.,* 158 F.3d 548, 563 (11th Cir. 1998).

As to reliability, Defendants argue that Captain Woodruff's opinions are impermissibly speculative and not based on "sufficient facts or data" in the record, as required by Rule 702. Doc. 301 at 15. Plaintiff responds that Captain Woodruff's report employed a widely accepted methodology within the field of marine engineering. Doc. 311 at 18. Specifically, Plaintiff argues Captain Woodruff analyzed the machinery and hull data for the exact ship at issue, closely considered Plaintiff's deposition and interrogatory answers, spoke to Plaintiff, and applied experience from his decades-long Navy career. *Id.*

In applying the gatekeeping function, courts must ensure that speculative, unreliable expert testimony does not reach the jury. *McCorvey v. Baxter Healthcare Corp.,* 298 F.3d 1253, 1256 (11th Cir. 2002). "Experts, however, are entitled to state

---

[9] Captain Woodruff's qualifications are outlined in his report. *See* Doc. 311-3 at 3–4.

13

reasonable assumptions." *Se. Metals Mfg. Co. v. Fla. Metal Prod., Inc.,* 778 F. Supp. 2d 1341, 1344 (M.D. Fla. 2011) (citing *Maiz v. Virani*, 253 F.3d 641, 667 (11th Cir. 2001)). Defendants' arguments that Captain Woodruff's opinions are not fully supported by the record evidence goes to weight, not admissibility. *See, e.g., S. Gardens Citrus Processing Corp. v. Barnes Richardson & Colburn,* No. 2:11-cv-JES-UAM, 2013 WL 5928676, at *3 (M.D. Fla. Nov. 1, 2013) ("Defendants' challenge to the experts' unfamiliarity with the work of attorneys in the area of international trade law would be properly made through vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof, but not wholesale exclusion of their testimony.")

Finally, Defendants fail to explain why Captain Woodruff's opinions would not be helpful to the trier of fact. "An expert's opinion, where based on assumed facts, must find some support for those assumptions in the record." *Tillman v. C.R. Bard, Inc.,* 96 F. Supp. 3d 1307, 1320 n.14. In arriving at that opinion, an expert may "rely upon disputed facts so long as those facts find support in the record." *Guzman v. Holiday CVS, LLC,* 2022 WL 10043004, at *2 (S.D. Fla. Oct. 17, 2022). Here, the Court finds that Captain Woodruff's opinions will likely be helpful to the jury based on his qualifications, experience, and analysis of the records and evidence through the lens of marine engineering.

In sum, the arguments Defendants make for exclusion of Captain Woodruff's testimony are either more appropriate for summary judgment or unsupported by authority and the record. And based on the Court's consideration of the pleadings and

14

the applicable standards for exclusion of expert testimony, Plaintiff has successfully established that Captain Woodruff's expert opinions should not be excluded under *Daubert* and Federal Rule of Evidence 702. To the extent Defendants assert objections to Captain Woodruff's opinions based on Rules 402 and/or 403, Federal Rules of Evidence, they may be raised at trial.

Accordingly, it is **ORDERED**:

1. Defendant Valves and Controls US, Inc.'s *Daubert* Motion to Exclude or Limit the Testimony of and Opinions of Captain Bruce Woodruff (Doc. 296) is **DENIED**.

2. Defendant Warren Pumps, LLC's *Daubert* Motion to Exclude or Limit the Testimony of Bruce Woodruff (Doc. 301) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on June 3, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record